## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**FRANK WILLIAMS, III**                                    **CIVIL ACTION**

**VERSUS**                                                 **NO:    16-13983**

**TIM NGUYEN, ET AL**                                      **SECTION: "E" (4)**

## ORDER

Before the Court is **Motion to Compel Physical Examination (R. Doc. 18)** filed by filed by the Defendants, Miss Carla, LLC and Jeremiah Pierron seeking an order compelling the independent medical examination of Frank Williams by Dr. Christopher Cenac, Sr., a board certified orthopedic surgeon. The motion is opposed. R. Doc. 28. The motion will be heard on March 29, 2017 and submitted that same day.

## I.      Background

This action was filed in the District Court on August 19, 2016. R. Doc. 1. Frank Williams, III ("Plaintiff") alleges that at all relevant times he was employed by the Defendants Tim Nguyen, C9, Inc., Nghia Nguyen, and/or Nghia, Inc.and assigned to the C9, a vessel. R. Doc. 15, p. 23. On May 25, 2016, the C9 was lashed to Brothers, another vessel. *Id.* at p. 3. While so lashed, the C9 was struck by the Miss Carla, a third vessel owned and operated by Jeremiah Pierron and/or Miss Carla, LLC. *Id.* The force of the impact allegedly threw the Plaintiff from his bunk where he was resting. *Id.* at p. 4. As a result, the Plaintiff suffered severe temporary and permanently disabling injuries to his cervical spine, lumbar spine, connective tissue, muscles, joints, and nerves. *Id.* The Plaintiff has alleged two causes of actions under the Jones Act against his employers as well as the owners of the Miss Carla.

At this time, the Defendant has filed a Motion to Compel Physical Examination (R. Doc. 18) seeking to compel an independent medical examination ("IME") with Dr. Christopher Cenac, Sr., a board certified orthopedic surgeon located in Houma, Louisiana. However, the Plaintiff has only objected to the IME as well as the only opposed the motion for the sole reason that the IME

is scheduled in Houma, which would require over 120 miles of travel from the Plaintiff's location in Algiers. R. Doc. 28. During oral argument, the Plaintiff also stated that traveling to Houma might require his missing work. In response, the Defendants have offered to pay for his transportation there. R. Doc. 18-1, p. 3.

## II.   <u>Standard of Review</u>

Physical and mental examinations are governed by Federal Rule of Civil Procedure 35. Rule 35 allows the Court to order "a party whose mental or physical condition…is in controversy to submit to a physical or mental examination" when there has been a "motion for good cause and on notice to all parties and the person to be examined." Fed. R. Civ. P. 35(a)(1)-(2); *see also, Acosta v. Tenneco Oil Co.*, 913 F.2d 205, 208 (5th Cir. 1990) ("Under Rule 35, three requirements are necessary to enable a court to order a Rule 35 exam: (1) the party's physical or mental condition must be in controversy; (2) the expert must be either a physician or a psychologist; and (3) good cause must be shown."). Rule 35's "in controversy" and "good cause" requirements "are not satisfied by showing 'mere relevance to the case.'" *In re Oil Spill by Oil Rig DEEPWATER HORIZON*, MDL No. 2179, 2012 WL 607971, at *3 (E.D. La. Feb. 24, 2012) (quoting *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964)). As the court in *In Re Oil Spill by Oil Rig DEEPWATER HORIZON* explained:

> Rather, what is required is "an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." Whether these requirements are met necessarily depends on the particular facts of the case and the scope of the examination sought.

2012 WL 607971, at *3 (citations omitted) (quoting *Schlagenhauf*, 379 U.S. at 118). Finally, "Rule 35(a) should be liberally construed in favor of discovery." *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 204, 207 (N.D. Tex. 1996).

In selecting the independent expert to conduct the examination, "the usual attitude is that although the moving party has no absolute right to the choice of the physician, when no serious

objection arises, it is probably best for the court to appoint the doctor of the moving party's choice." *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 196, 202 (N.D. Tex. 1995) (citing 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice &Procedure*, §2234.2 (1994)).

**III.   Analysis**

Here, the Defendants have filed a motion for the Plaintiff to submit to an Independent Medical Examination with Dr. Cenac in Houma. R. Doc. 18. At this time, the Plaintiff does not argue that his physical health is not "in controversy" or that there is not "good cause" for an IME. R. Doc. 28. Rather, the Plaintiff's only objection is to the location of the IME.

"Most judges have, in the usual case, ordered the plaintiff to appear for examination at the place where the trial would be held—that is, at the venue selected initially by the plaintiff." *Baird v. Quality Foods, Inc.*, 47 F.R.D. 212, 212-13 (E.D. La. 1969); *see also* 8B C. Wright, A. Miller & R. Marcus, *Federal Practice and Procedure* § 2234 (3d ed. 2016) ("Usually plaintiff will be required to come to the place where he or she filed suit for the examination, in the absence of facts showing substantial reasons for insisting upon examination at his or her residence."). However, the usual case may give way where the plaintiff can demonstrate that "the trip would be injurious to his health, or that there is any other compelling reason for his reluctance." *Baird*, 47 F.R.D. at 213; *see also, In Re Bordelon Marine, Inc.*, No. 11-1473, 2012 WL 1902576 at *3 (E.D. La. May 25, 2012) (finding distance of 214 miles too far to make Plaintiff travel for IME).

During oral argument, the Parties reached an agreement concerning the IME. The Defendant provided that it would pay for either an Uber or a taxi to transport the Plaintiff to and from Dr. Cenac's office in Houma. The Defendant also stated that it would work with the Plaintiff in securing a mutually agreeable date. The Plaintiff agreed to these terms. As such, the Court grants the motion to compel IME pursuant to these terms.

3

IV.   **Conclusion**

Accordingly,

**IT IS ORDERED** that the Defendant's **Motion to Compel Physical Examination (R. Doc. 18)** is **GRANTED** provided that the Defendant pay for either an Uber or Taxi to transport the Plaintiff to and from Dr. Cenac's office in Houma. The Parties should also work to find a mutually agreeable date.

New Orleans, Louisiana, this 29rd day of March 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**